**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | CASE NO. 2:20-MJ-00201 |
| | : | |
| Vs. | : | JUDGE |
| | : | MAGISTRATE JUDGE VASCURA |
| ROBERT S.W. TINSLEY | : | |
| Defendant | | |

## EMERGENCY MOTION FOR RECONSIDERATION OF DETENTION IN LIGHT OF COVID-19

Now comes the Defendant Robert S.W. Tinsley, by and through counsel, who moves this Court to reconsider his status of detention in light of the COVID-19 virus situation currently occuring at the Franklin County Workhouse where he is detained.  As this situation is an emergency, Defendant requests a hearing by video or telephone as soon as is practical.  A Memorandum in support follows.

Respectfully submitted,

/s/ Gerald T. Noel, Jr.
Gerald T. Noel, Jr. (0063972)
Attorney for Defendant
175 South Third Street, Suite 200
Columbus, Ohio  43215
614 286-6999
Gerald@Geraldnoellaw.com

## MEMORANDUM IN SUPPORT

Defendant Robert W Tinsley is currently being detained pursuant to a criminal complaint that has a presumption of detention given the charge, and pending indictment/information.  He is currently being detained at the Franklin County jail.  As the Court has been aware , there has been an undetermined and unpublicised number of cases of the COVID-19 virus inside the Franklin County workhouse which has disrupted the Court's docket and prevented the transport

of a number of prisoners due to quarantine. This has situation has rapidly escalated to the point where no fewer than 13 deputies and a still as undetermined number of inmates have contracted the virus. Mr. Tinsley, as a lifelong asthma sufferer, is particularly susceptible to the upper respiratory problems that seem to be associated with this virus.

Federal law requires that conditions or combinations of conditions of bail be established where it can be shown that it will sufficiently ensure the defendant's appearance at court as well as protect the public. The standard must be viewed in light of our Constitution's guarantee against cruel and unusual punishment.  The U.S. Supreme Court has stated that it is settled that the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney* 509 U. S. 25 (1993), at 31.  In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer*, 468 U. S. 517, 526-527 (1984) *Farmer v. Brennan*, 511 U.S. 825 (1994).

In the case at bar, the objectives of both the Statute and the Constitution can be achieved with Mr. Tinsley by releasing him on some combination of conditions. At his prior hearing, the Court agreed that Mr. Tinsley was not a flight risk.  His history of non appearance is in fact just one case and that capias occurred while he was already in prison.  Regarding protection of the public, what this Counsel unartfully tried to convey at Mr. Tinsley's initial detention hearing was that the public cannot be protected from past bad conduct only future bad conduct and the question for detention is can there be restrictions short of detention that can adequately protect the public by preventing future bad conduct.  In this case there are a combination of conditions, be it GPS, house arrest, restriction on electronic access , or some other condition that the court comes up with that can adequately protect the public in the prevention of future bad conduct by Mr. Tinsley during the pendency of this case. Finally, at Mr. Tinsley's initial detention hearing, this council argued that because of the COVID-19 virus's impact on the workhouse at that time that the conditions of confinement were unduly

burdensome because of restrictions of access and movement in the workhouse between attorneys and their clients. In the two weeks that ensued, the conditions have escalated in the workhouse to the point where not only is it unduly burdensome but is in fact dangerous for Mr. Tinsley to remain in confinement.  It should be noted that this virus is rampant in a number of other facilities although maybe not to the extent that it is currently in the Franklin County workhouse. A couple days ago this Counsel discussed with the US Marshal's Service about moving Mr. Tinsley to another facility and was told at that time that there were no beds available in any facility and that movement of prisoners was being severely restricted at this time period.  Given his history of upper respiratory illnesses, Mr. Tinsley is in fact at a higher danger from the exposure he is currently receiving at the Franklin County workhouse than other inmates.

For all of the following foregoing reasons, the defendant respectfully requests that the Court reconsider his detention status and impose a combination of conditions upon him short of detention. The Defendant requests a hearing on this matter as soon as is reasonably practicable.

Respectfully Submitted,

/s/ Gerald T. Noel, Jr
Gerald T. Noel, Jr. (0063972)
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Motion For Reconsideration of Detention was served on the United States Attorney's office by electronically filing the same via the United States Clerk of Court's electronic filing system and copies were forwarded electronically this 1st day of April, 2020.

/s/ Gerald T. Noel, Jr
Gerald T. Noel, Jr. (0063972)
Attorney for Defendant