UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

                                                    Case Number: 2:20-mj-201

    v.                                            Magistrate Judge Chelsey M. Vascura

**ROBERT S. W. TINSLEY.**

## ORDER

This matter is before the Court for consideration of Defendant's Emergency Motion for Reconsideration of Detention in Light of COVID-19 (ECF No. 13) and the Government's Response in Opposition (ECF No. 15).

Defendant asks the Court to reconsider his detention status in light of the COVID-19 virus and Defendant's history of asthma (which is undocumented). (Def.'s Mot., ECF No. 108.) Defendant points out that although COVID-19 may not be rampant in the Franklin County Workhouse where Plaintiff is incarcerated, it is in other facilities. Defendant submits that the public can be protected against any future bad conduct should the Court order should the Court impose conditions, "be it GPS, house arrest, restriction on electronic access , or some other condition that the court comes up with . . . ." (*Id*. at PAGEID # 21.)

The Government opposes Defendant's Motion. The Government points out that Defendant was arrested on a narcotics charge, which carries a statutory presumption of detention, subject to the weighing of factors under 18 U.S.C. § 3142(g). The Government notes that "one day before his arrest, [Defendant] was observed exiting a residence in which [] multiple kilograms of narcotics were subsequently seized, along with four firearms." (Gov't Mot., ECF No. 15 at PAGEID # 22.) The Government also notes that in her Pretrial Services Report, the Pretrial

Services Officer (who does not consider the statutory presumption of detention) also recommended detention. The Government argues that Defendant's Motion "lacks any individualized evidence of any change in circumstances warranting reconsideration of the detention." (*Id*. at PAGEID # 23.) The Government further contends that should an outbreak occur, the correctional facility has procedures in place and capacity to address the illness:

> The U.S. Marshals Service has instituted significant precautions regarding their interaction with prisoners and likewise all jail facilities are enacting stringent measures to reduce the risk of virus spread. Included among these efforts are strict limitations on visitation, regular screening of any new prisoners, lessening intake of minor felony arrests (unlike the instant case) and specialized health training and procedures for correctional officers. Upon information provided to the Marshals and the U.S. Attorney's Office, Franklin County Jail has reviewed the directives and recommendations of the Centers for Disease Control and Prevention (CDC), the Ohio Department of Health, the Delaware County Department of Health, the Ohio Department of Rehabilitation and Correction Bureau of Adult Detention, and the Governor's Office and is working to best implement those recommendations.
>
> Additionally, as with all correctional facilities of a certain age, the Franklin County Jail has experience protecting against disease transmission and outbreak. During the recent outbreaks of SARS, Ebola, H1N1, and avian flu, the Jail employed additional screenings and precautions. The Jail had no confirmed cases. The precautions the Jail is taking for COVID-19 exceed those the Jail took for these other recent outbreaks. Jail staff are accustomed to controlling more common viral diseases, such as seasonal flu, and has established procedures of isolation and medical monitoring. Although the Jail has had confirmed cases of seasonal flu and other more common diseases, it has had no major viral outbreaks. For COVID-19, the Jail has adopted quarantine procedures, set in place by the Jail's health director. It has set aside cells for possible quarantine if necessary.

(*Id*. at PAGEID ## 23-24.) The Government concludes that the Court's Order of Detention should therefore not be disturbed.

The undersigned has considered the parties' respective arguments and finds that Defendant's arguments relating to a potential outbreak of COVID-19 at the correctional facility in which he is housed does not warrant his release. In particular, the arguments Defendant advances

do not diminish the factors upon which the undersigned relied to conclude that he had not rebutted the statutory presumption of detention. Further, Defendant's criminal record and substance abuse history cast doubt on whether he would comply with any shelter-in-place restrictions should he be released. Moreover, Defendant's release on home confinement would create an additional risk of exposure to the COVID-19 for the pretrial service officers assigned to monitor him. Defendant's Motion (ECF No. 13) is therefore **DENIED**.

    **IT IS SO ORDERED.**

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE